IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| David Webb,<br><br>                  Plaintiff,<br>v.<br><br>Kier Property Management and Real Estate et al.,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY<br><br>Case No. 16-CV-00001 DS BCW<br><br>District Judge David Sam<br><br>Magistrate Judge Brooke C. Wells |

*Pro Se* Plaintiff David Webb ("Plaintiff"), proceeding *in forma pauperis* filed a Complaint in this case on January 6, 2016.[1] District Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Judge Waddoups later recused and the case was reassigned to Judge David Sam.[3] Before the Court is Plaintiff's Motion to Disqualify Chief U.S. Magistrate Judge Brooke C. Wells.[4]

Magistrate Judge Wells has determined that disqualification or recusal is not warranted. For the reasons stated below, disqualification or recusal would be improper, and the motion is DENIED.

Under 28 U.S.C. § 455, a judge is required to disqualify oneself "in any proceeding in which his [or her] impartiality might reasonably be questioned,"[5] or "where he [or she] has a

---

[1] Docket no. 1.

[2] Docket no. 13.

[3] Docket no. 12.

[4] Docket no. 10.

[5] 28 U.S.C. § 455(a)

*personal bias or prejudice* concerning a party . . ."[6]  "There is as much obligation for a judge not to recuse when there is no occasion for him [or her] to do so as there is for him [or her] to do so when there is."[7]  The Court applies an objective standard, which is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[8]

Mr. Webb alleges bias by Judge Wells' law clerk.  He argues that the week of April 4, 2016, he discovered that an amended pleading "had been intentionally withheld from being docketed by the Clerk's Office Personnel" at the direction of Judge Wells' "Career Law Clerk."[9]  Mr. Webb argues that because the law clerk "is the sole Law Clerk for Chief U.S. Magistrate Judge Brooke C. Wells and any pleadings legally analyzed by Chief Magistrate Judge Wells['] Chambers would be done by Attorney Willey and thereby creating a conflict of Interest prejudicial to Pro Se Plaintiff Webb."[10]  He further argues that even if actual impartiality does not exist "there can be no doubt that a reasonable person looking at the Totality of the circumstances would harbor doubts about the Court's Impartiality . . ."[11]

The statute provides for recusal when there is "personal bias or prejudice" concerning a party.  Considering the statute, even if Mr. Webb's allegations were factually true, it would not warrant recusal.[12]  This is because generally "a law clerk's views cannot be attributed to the

---

[6] *Id.* at § 455(b)(1).

[7] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[8] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations and internal quotations omitted).

[9] Docket no. 10 at 2.

[10] *Id.*

[11] *Id.* at 3.

[12] *Doe v. Cabrera*, No. 14-1005, 2015 WL 5727127, *6 (D. D. C. Sept. 30, 2015) (holding that law clerk's bias cannot be imputed to the judge) (unpublished decision).

judge for whom the clerk works."[13] A judge should not be disqualified "because of actions and statements attributed to his [or her] law clerk."[14] There are some limited exceptions to the generally rule above, but none apply to the facts here.[15]

     Moreover, there is no appearance of partiality. Even if Judge Wells' law clerk were responsible for a few days delay in docketing Mr. Webb's supplement to his amended complaint, the pleading is docketed now and the delay resulted in no harm or overall delay to the case. However, to be clear, despite Mr. Webb's allegations otherwise, the law clerk Mr. Webb calls out by name in his Motion has had no substantive involvement in this case, is not Judge Wells' sole law clerk, and is not screening (and has not screened) Mr. Webb's Complaints in either case currently pending in front of Judge Wells. In reviewing the totality of the circumstances, these are not the circumstances where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. It is hereby ORDERED that, for the reasons stated above, Mr. Webb's Motion to Disqualify is DENIED.

SO ORDERED.

---

[13] *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 968 (5th Cir. 1980)

[14] *Id.*

[15] *See, e.g.*, *Hall v. Small Bus. Admin.*, 695 F.2d 175, 178 (5th Cir. 1983) (disqualification warranted where law clerk substantively worked on class action alleging discrimination against an employer where law clerk previously worked for the defendant employer and had resigned because of discrimination, where law clerk was a member of the class, and had accepted employment with plaintiff's counsel); *Vaska v. State*, 955 P.2d 943, 946 (Alaska Ct. App. 1998) (disqualification warranted where law clerk substantively assisted in case involving local district attorney's office when law clerk was having a sexual relationship with another attorney in the district attorney's office).

DATED this 12 May 2016.

_____
Brooke C. Wells
United States Magistrate Judge