IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| David Webb,<br><br>                Plaintiff,<br>v.<br><br>Kier Property Management and Real Estate et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATIONS<br><br>Case No. 16-CV-00001 DS BCW<br><br>District Judge David Sam<br><br>Magistrate Judge Brooke C. Wells |

*Pro Se* Plaintiff David Webb ("Plaintiff" or "Mr. Webb"), proceeding *in forma pauperis* filed a Complaint in this case on January 6, 2016.[1] District Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Judge Waddoups later recused and the case was reassigned to Judge David Sam.[3] Before the Court is Plaintiff's Motion to Appoint Counsel[4] and Motion for Protective Order,[5] and Amended Motion to Amend/Correct Complaint.[6]

To begin, Plaintiff's Complaint is not a beacon of clarity. At over 140 pages, the Amended Complaint and Supplement has few factual allegations and is replete with legal conclusions. The Amended Complaint is captioned as a Complaint under 42 U.S.C. §§ 1981 and 1983 but includes numerous state law claims and claims against private entities and individuals

---

[1] Docket no. 1.

[2] Docket no. 13.

[3] Docket no. 12.

[4] Docket no. 6.

[5] Docket no. 8.

[6] Docket no. 9.

as well as against state actors. While the Amended Complaint itself is long and repetitive, the Court discerns the factual allegations as follows:

## BACKGROUND

This case arises out of an altercation that occurred on December 21, 2015, at the Sean Herrick Apartments, a former Ogden City hotel that now provides government subsidized housing.[7] Mr. Webb alleges that while he attempted to make his way to a first-floor bathroom, he was threatened with a stick by another resident of the apartments. This individual, George Lewis ("Mr. Lewis") works as a volunteer security guard for the apartment complex and sometimes delivers the U.S. Mail for the apartment complex. During the altercation, Mr. Lewis allegedly called Mr. Webb a racially motivated slur. The manager of the apartment complex was in the vicinity but did not call police so Mr. Webb made the call himself. Police arrived and completed a report.

The police officer noticed surveillance cameras above the front desk but the manager claimed they weren't working at the time of the altercation. The police and the prosecutor's office did not pursue attempts to verify that the surveillance cameras were not working nor did they make further attempts to retrieve the footage—if it existed. The Ogden City Prosecutor's Office indicated that it would not prosecute the alleged instigator of the altercation for lack of evidence and would not pursue the video footage in part because the altercation allegedly did not involve physical contact, the parties had conflicting versions of the account, and no serious crime was committed.

Mr. Webb brings this lawsuit alleging that Kier Property Management and Real Estate, the apartment's management company lied about the surveillance cameras not working. Mr.

---

[7] All facts are taken from Mr. Webb's Amended Complaint and Supplement along with various Exhibits. One Exhibit, an online article published by a local newspaper about the incident provides a concise summary of Mr. Webb's allegations. Docket no. 7-1 at p. 98–103.

Webb further alleges that the police officer's failure to obtain the video camera footage violated his constitutional rights. Mr. Webb alleges that the apartment manager threatened to evict Mr. Webb either because of the altercation or because of this lawsuit. Mr. Webb also alleges that the man with whom Mr. Webb had the altercation sometimes distributes mail throughout the apartment complex, and Mr. Webb alleges that on four different occasions his mail had been steamed open before Mr. Webb received it. Finally, Mr. Webb also asserts claims against Gregory Burdett of the Ogden City Prosecutor's Office for failing to investigate and failing to obtain the video surveillance footage of the altercation.

## ANALYSIS

Because Plaintiff has been permitted to proceed *in forma pauperis*, the Court will address the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915 ("the IFP Statute"). Upon review of the Plaintiff's Complaint, the Court RECOMMENDS the District Court DISMISS WITH PREJUDICE Plaintiff's Complaint.

At the outset, the Court notes that Plaintiff is proceeding *pro se* and that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8] The crux of Plaintiff's Civil Rights Complaint under 42 U.S.C. § 1981 and § 1983, is that various individuals did not review video footage of an altercation between Plaintiff and another resident of the same apartment where Plaintiff lives.

Plaintiff is also proceeding *in forma pauperis*. Under the IFP Statute, the Court shall, at any time, *sua sponte*, dismiss a case if the court determines a complaint is frivolous or fails to state a claim upon which relief can be granted.[9] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

---

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[9] *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii).

3

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[10]

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he had alleged and it would be futile to give him an opportunity to amend."[11] When determining whether to dismiss for failure to state a claim under section 1915(e)(2)(B)(ii), courts employ the standard set forth for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[12] In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[13]

The Fourteenth Amendment imposes limitations only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful.[14] Plaintiff acknowledges that many of the Defendants have not acted under authority or color of law, but asserts that supplemental jurisdiction is proper over those defendants and claims.[15] The Court will first consider Mr. Webb's allegations against Ogden City Corporation, Ogden City Master Police Officer Christopher Bishop, and Ogden City Prosecutor Gregory Burdett ("the State Actor Defendants")[16] as these are the state actors against whom Mr. Webb complains. If the case

---

[10] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[11] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)(internal citation and quotations omitted).

[12] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[13] *Id.* at 1218.

[14] *Brentwood Acad. v. Tenn Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001).

[15] Docket no. 7-1, at 2–3 (acknowledging that Kier Property Management and Real Estate, Suzannah Knowlden, Jay Knowlden, Annette Peterson, Terri Muchmore, and Jamie Busby were not acting under the authority or color of federal law at the time the claims occurred).

[16] For purposes of this Report and Recommendation, the Court assumes that Mr. Webb has named proper parties without regard to whether he has named parties individually or in their official capacity and without considering the issue of qualified immunity.

cannot move forward against a state actor, the Court will not retain supplemental jurisdiction over the other parties and other claims.[17]

## 1. FAILURE TO INVESTIGATE CLAIM

Plaintiff's claim against the State Actor Defendants implicates the Fourteenth Amendment and is premised on an alleged failure to conduct a proper investigation into the alleged altercation between Mr. Webb and Mr. Lewis. Specifically, Plaintiff alleges that the Manager at the apartment complex lied to police who responded to the incident and said that video cameras were not working, when, in fact, he alleges they were working. The police officer who investigated the case did not independently investigate whether the surveillance camera was in working order and did not further pursue getting video footage. Then, Plaintiff alleges that Ogden City Prosecutor's Office decided not to prosecute the case for lack of evidence, even as they chose not to pursue the video footage that may exist.

The State Actor Defendants had no obligation to investigate whether or not the surveillance cameras at the Sean Herrick apartment complex were working. Nor did the State Actor Defendants have an obligation to retrieve and review the footage if the cameras were working.

The Due Process Clause of the Fourteenth Amendment protects against being deprived of life, liberty, or property without due process of law.[18] However, even in construing the pleadings liberally, as the Court is required to do, Plaintiff has not alleged a § 1983 due process claim arising out of a failure to investigate.[19] The Due Process Clause "is phrased as a limitation

---

[17] *See* 28 U.S.C.A. § 1367(c)(2).

[18] *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974).

[19] *Rolen v. City of Brownfield, Texas,* 182 Fex. App'x 362, 364 (5th Cir. 2006) (failure to investigate or prosecute an offense does not give rise to Section 1983 liability).

on the State's power to act, not as a guarantee of certain minimal levels of safety and security."[20] The Clause "forbids the State itself to deprive individuals of life, liberty, or property . . . but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."[21]  Therefore, a failure to investigate or prosecute an offense does not give rise to Section 1983 liability.[22]

## 2. MUNICIPAL LIABILITY CLAIM

Mr. Webb also alleges a cause of action against the Ogden City Corporation under a municipal liability theory.  Mr. Webb maintains that Ogden City Corporation has a custom of intentionally discriminating against African American males when altercations occur between them and white males but does not allege any facts to support such a custom.

A municipality may not be held liable under § 1983 merely because it employs a person who violated a plaintiff's federal protected rights.[23]  Municipalities can only be held liable in a Section 1983 suit where their policies are the moving force behind an actual constitutional violation.[24]  "Liability can be imposed on the [municipality] only if (1) an underlying constitutional violation occurred, and (2) the violation was caused by a government policy or custom."[25]  There must be a direct causal link between the policy or custom and the officer's

---

[20] *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

[21] *Id.*

[22] *See, e.g.*, *Rolen v. City of Brownfield, Texas*, 182 Fed.Appx. 362 (5th Cir. 2006) (failure to investigate or prosecute an offense does not give rise to Section 1983 liability); *Marran v. Marran*, 376 F.3d 143, 156, n.4 (3d Cir. 2004) (county's alleged failure to investigate claimed abuse fails to state a Section 1983 claim) (dicta); *Graw v. Fantasky*, 68 Fed.Appx. 378 (3d Cir. 2003) *10 (alleged failure to investigate violation of rights not alone sufficient to sustain Section 1983 claim).

[23] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[24] *Id.* at 694.

[25] *Whitewater v. Goss*, 192 F. App'x 794, 796–97 (10th Cir. 2006) (unpublished) (citing *Monell*, 436 U.S. at 694).

alleged constitutional violation.[26]  Mr. Webb asserts the factual conclusion that Ogden City Corporation has a custom, policy, or procedure of intentionally discriminating against African American males when altercations occur between African American males and white males.

The Court construes Mr. Webb's allegation against Ogden City Corporation as follows: Mr. Webb and Mr. Lewis were involved in an altercation at the Sean Herrick Apartments. Because Mr. Webb is African American and Mr. Lewis is not, the investigating police officer, in acting out Ogden City Corporation's customs, policies, and procedures, decided not to further investigate whether the surveillance cameras at the apartments were in working order.  However, as indicated previously, the failure to procure video footage from the apartment complex is not an underlying constitutional violation and without a predicate constitutional violation, there can be no municipal liability.[27]

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief can be granted under §§ 1981 and 1983 against the State Action Defendants as a matter of law.  The Plaintiff does not articulate clearly the basis for any claim under these statutes nor can the Court discern any.  The Court has already permitted Plaintiff to amend once.[28]  Further amendment would be futile because Mr. Webb cannot plead facts that would support a cause of action for failure to review video footage (that may or may not exist) and without a constitutional violation there can be no municipal liability.  Given such, the Court recommends that Plaintiff's Complaint be dismissed.  The Court further recommends that Plaintiff's remaining Motions be deemed moot.

---

[26] *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2001) (citing *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 399 (1997)).

[27] *Whitewater v. Goss*, 192 F. App'x at 796–97.

[28] Docket no. 15.

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that:

1) Plaintiff's Complaint is dismissed with prejudice for failure to state a claim and for futility.

2) Given that disposition, Plaintiff's Motion to Appoint Counsel[29] and Motion for a Protective Order[30] are deemed MOOT.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[31] Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 May 2016.

Brooke C. Wells
United States Magistrate Judge

---

[29] Docket no. 6.

[30] Docket no. 8.

[31] *See* 28 U.S.C. §636(b)(1).